**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  0:24cv61482

**JONATHAN CRUZ,**

    Plaintiff,                                                        **JURY TRIAL DEMANDED**

v.                                                               **INJUNCTIVE RELIEF SOUGHT**

**CROSS RIVER BANK,** and **ABOVE LENDING INC,**

    Defendants.
_____/

**COMPLAINT**

Plaintiff Jonathan Cruz ("Plaintiff") sues Cross River Bank and Above Lending Inc (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant Cross River Bank ("Defendant-Creditor") is a New Jersey Corporation, with its principal place of business located in Teaneck, New Jersey.

5. Defendant Above Lending Inc ("Defendant-DC") is a Delaware corporation, with its principal place of business located in Huston, Texas.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. On a date better known by Defendant-Creditor, Defendant-Creditor began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Cross River Bank, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. In particular, the Consumer Debt relates to An unsecured line of credit with an account number ending in 1948.

11. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

12. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

13. On September 22, 2023, Defendant-Creditor was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant-Creditor had to communicate with Plaintiff directly; **[3]** Defendant-Creditor was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

14. Defendant-Creditor received the Notice on September 22, 2023.

15. Attached as Exhibit "A" is the Notice.

16. Upon receipt of the Notice, Defendant-Creditor knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

17. Upon receipt of the Notice, Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

18. Upon receipt of the Notice, Defendant-Creditor knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

19. By and through the Notice, Defendant-Creditor had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

20. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Defendant-Creditor was not permitted to contact Plaintiff directly, Defendant-Creditor contracted with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff.

21. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, Defendant-Creditor disclosed to Defendant-DC that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

22. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, Defendant-Creditor disclosed to Defendant-DC that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided Defendant-DC with information sufficient to allow Defendant-DC to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

23. On a date better known by Defendants, Defendant-DC, on behalf of Defendant-Creditor, began attempting to collect the Consumer Debt from Plaintiff.

24. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

25. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

26. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

28. Defendant-DC's "Consumer Collection Agency" license number is unknown.

29. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

30. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

31. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

32. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

33. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum…

[d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

34. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, Defendant-Creditor, by and through Defendant-DC, sent Plaintiff a letter, internally dated February 29, 2024, (the "Collection Letter") in an attempt to collect the Consumer Debt.

35. Attached as Exhibit "B" is a copy of the Collection Letter.

36. The Collection Letter is a communication from Defendant-Creditor by and through Defendant-DC.

37. The Collection Letter is a communication from Defendant-Creditor to Plaintiff in connection with the collection of the Consumer Debt.

38. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of the Consumer Debt.

39. The Collection Letter represents an action to collect a debt by Defendant-Creditor.

40. The Collection Letter represents an action to collect a debt by Defendant-DC.

41. The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt.

42. Receiving the Collection Letter caused Plaintiff to waste time.

43. Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

44. Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

45. The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew Defendant-Creditor was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

46. The Collection Letter communicates credit information by representing the Consumer Debt as in default with payment past-due and otherwise outstanding, identifying the creditor of the Consumer Debt, and stating the amount of the Consumer Debt purportedly owed to Defendant-Creditor.

47. The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

## COUNT 1
## VIOLATION OF FLA. STAT. § 559.72(18)
(against Defendant-Creditor)

48. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

49. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

50. As stated above, Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of September 22, 2023. Despite knowing this, Defendant-Creditor communicated and/or contact Plaintiff directly, by and through the Collection Letter it

(Defendant-Creditor) contracted with Defendant-DC to send, in connection with the collection of the Consumer Debt.

51. Accordingly, Defendant-Creditor violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (Defendant-Creditor) contracted with Defendant-DC to send to Plaintiff.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF FLA. STAT. § 559.72(6)
(against Defendant-Creditor)

53. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

54. Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

55. As stated above, after Defendant-Creditor was notified on September 22, 2023, that Plaintiff disputed the Consumer Debt by and through the Notice, Defendant-Creditor contracted with Defendant-DC to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, Defendant-Creditor disclosed to Defendant-DC the existence of the Consumer Debt, that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent Defendant-DC claims

it *was not* notified by Defendant-Creditor that Plaintiff disputed the validity of the Consumer Debt, Defendant-Creditor violated § 559.72(6) by failing to disclose to Defendant-DC that that fact when contracting with Defendant-DC to collect, or attempt to collect the Consumer Debt.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
(against Defendant-DC)

57. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

58. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

59. As set forth above, in contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt, Defendant-Creditor informed Defendant-DC that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Defendant-DC with information sufficient to allow Defendant-DC to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

60. Accordingly, Defendant-DC violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

61. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
### VIOLATION OF 15 U.S.C. § 1692e(8)
(against Defendant-DC)

62. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

63. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

64. As set forth above, Defendant-DC knew that Plaintiff disputed the Consumer Debt because, in contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt, Defendant-Creditor informed Defendant-DC that Plaintiff disputed the Consumer Debt. As mentioned above, however, the Collection Letter fails disclose or otherwise communicate to Plaintiff that the Consumer Debt is disputed.

65. Thus, Defendant-DC violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

66. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: [1] statutory and actual damages as

provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: August 13, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33301
Phone:   561-542-8550